**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3220-14T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LOUIS WATLEY,

    Defendant-Appellant.

_____

Argued May 23, 2017 — Decided July 26, 2017

Before Judges Reisner and Koblitz.

On appeal from the Superior Court of New
Jersey, Law Division, Union County, Indictment
No. 98-01-0099.

Louis Watley, appellant, argued the cause pro
se.

Milton S. Leibowitz, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued
the cause for respondent (Grace H. Park,
Acting Union County Prosecutor, attorney for
respondent; Mr. Liebowitz, of counsel and on
the brief).

PER CURIAM

Defendant Louis Watley appeals from the January 30, 2015 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues that his privately retained PCR appellate attorney was prejudicially ineffective because he did not argue the appeal before us, although retained to do so. The PCR judge, Judge Robert J. Mega, found counsel was ineffective, but the failure to argue was not prejudicial. We affirm.

Defendant was convicted in 2000 of the 1997 kidnapping and aggravated sexual assault of an eighteen-year-old woman who was an employee at his accounting office. The assault occurred on a bed in defendant's home while the victim was menstruating. Blood and DNA evidence were found on the bed sheets. He was sentenced to an aggregate term of eighteen years imprisonment.[1]

On direct appeal, we affirmed defendant's conviction. State v. Watley, No. A-4295-00 (App. Div. April 23, 2004) (Watley I), certif. denied, 180 N.J. 458 (2004). On April 5, 2007, we reversed the denial of defendant's first petition for PCR "with respect to his trial counsel's treatment of blood evidence produced at trial." State v. Watley, No. A-5970-04 (App. Div. April 5, 2007) (slip op. at 19) (Watley II). We remanded for an evidentiary hearing on that issue. After holding the evidentiary hearing, defendant's

_____

[1] Defendant was released from custody in 2011.

petition was denied in 2007 by Judge Ross R. Anzaldi, who had also been the trial judge.

Defendant appealed the denial of PCR and hired private appellate counsel to argue on his behalf. However, oral argument was not held because counsel failed to make a timely request. We affirmed the trial court's denial of defendant's PCR petition. State v. Watley, No. A-1132-07 (App. Div. December 17, 2008) (slip op. at 12) (Watley III). He now appeals from the denial of his second petition for PCR without an evidentiary hearing, claiming ineffective assistance of appellate PCR counsel.

On appeal defendant raised the following points:[2]

> POINT I: PCR COURT ERRED IN DENYING DEFENDANT RELIEF WHERE IT WAS CLEAR PROSECUTOR PRESENTED FALSE SEROLOGIC (ABO BLOOD TYPE) EVIDENCE TO THE JURY. THAT EVIDENCE WAS THE PRINCIPLE PIECE OF FORENSIC EVIDENCE LINKING THE DEFENDANT TO THE CRIME. IN ADDITION BRADY EVIDENCE ALSO WITHHELD RELATED TO THE SAME.
>
> Laboratory Report Produced by Prosecutor Was Improper and Deceptive
>
> 1. Material Evidence Withheld
> 2. Evidence Altered and Withheld From Defense
> 3. Blood Type Data Missing From Evidence Report
> 4. Material Evidence Altered and Brady Evidence Withheld
>
> POINT II: PCR COURT ERRED IN DENYING DEFENDANT RELIEF WHERE IT WAS CLEAR PROSECUTOR PRESENTED FALSE AND MISLEADING DNA BLOOD

---

[2] We reproduce the point headings as written, without any corrections.

EVIDENCE. THE BLOOD EVIDENCE WAS THE
PRINCIPLE PIECE OF FORENSIC EVIDENCE LINKING
THE DEFENDANT TO THE CRIME.

A. Applicable Law
B. Prosecutor misrepresented DNA Evidence
Connected to non-sperm fraction of Specimen
and failed to disclose lack of Genetic
material finding in blood sample To the jury
C. Document Evidence establish prosecutor
acted In bad faith by planning to use false
DNA To corroborate the tainted serologic
report

POINT III: PCR COURT ERRED IN DENYING
DEFENDANT RELIEF ON INEFFECTIVE ASSISTANCE OF
COUNSEL CLAIM WHERE IT WAS CLEAR COUNSEL
KNOWING ALLOW PROSECUTOR TO PRESENT FALSE
SEROLOGIC (ABO BLOOD TYPE) EVIDENCE TO THE
JURY. THAT EVIDENCE WAS THE PRINCIPLE PIECE
OF FORENSIC EVIDENCE LINKING THE DEFENDANT TO
THE CRIME.

STRICKLAND TEST 1: Deficient Performance
QUESTION 1: Opening Statement
QUESTION 2: Evans blood testimony
QUESTION 3: N.R. Blood Testimony
QUESTION 4: Prosecutor's Closing
STRICKLAND TEST 2: Prejudice to defendant
STIPULATED FACT

POINT IV: WITNESS DURING THE FIRST POST-
CONFICTION EVIDENTIARY HEARING PROVIDED FALSE
TESTIMONY WHICH WARRANTS NEW HEARING.

POINT V: ABUSE OF DISCRESION BY PCR COURT
JUDGE SUBSTANTIALLY PREJUDICED THE
DEFENDANT'S RIGHT TO A FAIR AND IMPARTIAL
REMAND EVIDENTIARY HEARING THEREBY DENYING THE
DEFENDANT THE CONSTITUTIONAL RIGHT TO DUE
PROCESS.

A. CLAIM 1: PCR court made collateral review
of Appellate Division order, altering it's
contents to favor the State

B. CLAIM 2: PCR court vouched for the credibility of defense expert whose statements were false, inconsistent and perjurious.

C. CLAIM 3: PCR court denied material evidence connected to tainted blood report to pro-se counsel on appeal

D. CLAIM 4: PCR court prohibited the testimony of a the material witness Donna Hansen, chemist who manufacture the tainted report used by the State at trial

POINT VI: ABUSE OF DISCRETION BY PCR COURT JUDGE AS ARTICULATED IN THE PCR COURTS JANUARY 30, 2015 OPINION SUBSTANTIALLY PREJUDICE THE DEFENDANT'S RIGHT TO A FAIR AND PCR PROCEEDING THEREBY DENYING THE PETITIONER HIS CONSTITUTIONAL RIGHT TO DUE PROCESS.

I. Whether Petitioner Is Entitled to an Evidentiary Hearing

II. Whether Petitioner's Appellate Counsel Provided Petitioner with Ineffective Representation and Prejudiced Defendant Thereby denying the defendant his constitutional right to due process

III. Whether Alteration of Appellate Documents by the Appellate Division Warrants a New Trial

IV. Whether Witness during the First Post-Conviction Relief Evidentiary Hearing Provided False Testimony, Requiring a New Hearing

V. Whether Petitioner is Entitled to New Counsel

Defendant argues in Points I, II and III of his brief that Judge Mega, the PCR judge for defendant's second PCR petition, erred by denying his petition without an evidentiary hearing. He argues that the prosecutor intentionally perpetrated a fraud on the trial court by presenting "false and fabricated" DNA blood and serologic evidence and that his trial attorney was deficient for

failing to challenge the prosecutor's actions. This is the issue that was resolved in defendant's first PCR. Watley II, supra, slip op. at 19.

Prior adjudication of any issue on the merits bars PCR. See R. 3:22-4(b); R. 3:22-5. An issue raised on PCR is procedurally barred if it is "'identical or substantially equivalent' to the issue already adjudicated on the merits." State v. Afanador, 151 N.J. 41, 51 (1997) (quoting State v. McQuaid, 147 N.J. 464, 484 (1997)). PCR is not "an opportunity to relitigate matters already decided on the merits." Id. at 50.

Defendant's claims about the blood and serologic evidence are procedurally barred because defendant raised identical issues on appeal of the denial of his first PCR petition. Watley II, supra, slip op. at 8. We denied these claims, finding that they lacked merit. Id. at 11-12. We remanded only on the issue of defense counsel's handling of the blood evidence. Id. at 19.

Defendant argues in Point IV of his brief that he is entitled to an evidentiary hearing because defendant's forensic expert, Dr. Robert Shaler, testified falsely during the evidentiary hearing after our remand stemming from his first PCR appeal. Defendant alleges that we determined in an affirmance of the dismissal of his civil suit against Dr. Shaler that Dr. Shaler gave false testimony to further conceal the State's plot to frame defendant.

In his January 30, 2015 written opinion denying defendant's second PCR petition, Judge Mega discussed defendant's civil suit against Dr. Shaler. In that suit, defendant claimed he was fraudulently induced to retain Dr. Shaler, who then testified at the PCR hearing contrary to previous statements he made in preparation for testimony. Watley v. Shaler, No. A-0893-12 (App. Div. September 23, 2013) (slip op. at 1-2). The trial court granted Dr. Shaler's motion to dismiss on the basis that Dr. Shaler was protected by the litigation privilege. Id. at 3. We affirmed. Id. at 6.

In defendant's current appellate brief, he alleges that we "made it clear that Dr. Shaler had in fact perpetrated a fraud on the court" because in our decision we stated "we accept as true plaintiff's allegations, Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)." Watley v. Shaler, supra, slip op. at 5. Judge Mega correctly discredited this assertion. At the summary judgment posture, we must make all inferences in favor of the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We thus determined in our decision that, even assuming defendant's assertions were true, his civil case should be dismissed. We did not find that defendant's claims were in any way demonstrated to be valid.

Judge Mega further correctly determined that defendant's argument was procedurally barred by Rule 3:22-5 because Judge Anzaldi, during defendant's first PCR hearing, determined Dr. Shaler to be a credible witness, a finding we affirmed in Watley III, supra, slip op. at 12.

Defendant argues in Point V of his brief that Judge Anzaldi, "turned a blind eye" to the State's fraud and "actively participated in its concealment." Defendant raised this issue of Judge Anzaldi's purported improprieties on appeal of his first PCR denial and we determined the claim lacked merit. We stated that "defendant's complaints about the manner in which the evidentiary hearing was conducted are wholly unsupported by the record. To the contrary, the record demonstrates that Judge Anzaldi diligently and patiently received and thoroughly considered and analyzed the evidence presented." Id. at 11-12. We will not reconsider this meritless issue.

Defendant argues in Point VI of his brief that the PCR court erred by denying his second PCR petition without an evidentiary hearing because his appellate counsel was ineffective. A hearing was not necessary because there was no disputed factual issue. The second PCR judge, Judge Mega, found appellate counsel committed an error in not seeking oral argument when retained to do so.

8

To establish ineffective assistance of counsel, a defendant must prove that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To satisfy the prejudice requirement, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. The standard for ineffectiveness is applied to both trial and appellate counsel. State v. Harris, 181 N.J. 391, 518 (2002), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005).

Judge Mega found that defendant satisfied the first prong of the Strickland test because appellate counsel failed to request oral argument "and as a result never argued on [p]etitioner's behalf before the Appellate Division." Judge Mega found, however, that defendant did not satisfy the second prong of the Strickland test because defendant did not establish that he was prejudiced by appellate counsel's deficient performance. Judge Mega wrote:

> The Court now examines the facts to consider whether oral arguments on appeal would have caused a different result. Petitioner has not indicated that Appellate Counsel's oral

argument would have created a different result. Petitioner had filed a detailed pro se brief in support of his claim. Petitioner also indicated that he provided Appellate Counsel with visual aids, "serologic laboratory reports which were blown up and modified for simplicity."

. . . .

In the present matter, the use of visual aids would not have changed the outcome of Petitioner's First PCR appeal because the scope of appellate review is based upon the factual record below. The Appellate Division indicated it relied upon the record in rendering its decision. The record before the Appellate Division was such that oral arguments would not have caused a different outcome. . . . Any oral argument provided on appeal would have had to rely upon the facts that the Appellate Division found did not support any of Petitioner's claims. Moreover, Petitioner has not indicated what new arguments counsel could have raised at oral argument. Therefore, as the Appellate Division had already determined Petitioner's claim to be without merit, this Court finds and relies on the findings by the Appellate Division such that Petitioner failed to demonstrate prejudice from Appellate Counsel's deficient conduct. Thus Petitioner fails the second prong of the Strickland Test and his request for an evidentiary hearing is denied.

Unlike in PCR applications before the trial court, oral argument of PCR appeals is seldom sought. See R. 2:11-1(b). After detailing the history and testimony at the hearing, we expressed our reasons for affirming defendant's appeal after the first PCR evidentiary hearing, stating:

The denial of defendant's application for post-conviction relief is affirmed substantially for the reasons stated by Judge Anzaldi. Although the defendant established a prima facie case on his prior appeal, on remand the substantial credible evidence on the record as a whole did not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." For that reason, there is no basis for concluding that counsel's allegedly deficient performance "materially contributed to defendant's conviction."

Watley III, supra, slip op. at 11-12 (internal citations omitted).

Oral argument would not have influenced our decision because counsel is not permitted to present new arguments not set forth in the appellate brief, nor introduce facts not contained in the trial court record. R. 2:5-4.

Defendant also argues in Point VI that we tampered with documents during the appeal of his first PCR petition. Judge Mega found that this argument lacked merit as defendant provided no evidence to support his allegation. This claim, as well as any others we have neglected to mention, is without sufficient merit to require discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                      A-3220-14T3